**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

LETTER OPINION

August 14, 2008

| | |
|---|---|
| Basil Okocha<br>15 North Street, Apt. 5B<br>Bronx, NY 10468 | Jonathan E. Hill, Esq.<br>52 South Street, Second Floor<br>Morristown, NJ 07960 |
| Basil Okocha<br>402 W. 42nd Street<br>New York, NY 10036 | David John Krolikowski, Esq.<br>Hardin, Kundla, McKeon & Poletto, PA<br>673 Morris Avenue<br>Springfield, NJ 07081 |

Re:  <u>Okocha v. Laboratory Corporation of America, et al.</u>
     Civil Action: 06-1791 (JLL)

Dear Parties:

This matter comes before the Court by way of motions for summary judgment filed by Defendant Center for Family Health of St. Mary's Hospital ("Center") and Defendant Laboratory Corporation of America ("LabCorp"), respectively. The Court has considered the submissions made in support of and in opposition to the instant motion.[1] No oral argument was heard. Fed. R. Civ. P. 78. For the reasons that follow, the Court grants Defendants' respective motions for summary judgment.

---

[1] The Court notes that Plaintiff submitted what appears to be a sur-reply to Defendants' opposition briefs. <u>See</u> CM/ECF Docket Entry Nos. 56 and 57. Local Civil Rule 7.1(d)(6) specifies that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." There is no indication on the docket that Plaintiff sought – or was given – permission to file same. In any event, in light of Plaintiff's <u>pro se</u> status, the Court has considered the contents of Plaintiff's sur-reply briefs as a one-time courtesy to Plaintiff.

I.    **Relevant Factual and Procedural Background**[2]

On December 6, 2004, Plaintiff Basil Okocha, proceeding pro se in this matter, went to the Medical and Social Services for the Homeless ("MASSH") for a tuberculosis test. (Labcorp's Statement of Undisputed Material Facts (hereinafter referred to as "Labcorp's Statement"), ¶ 1; Pl. Dep. Tr. (Nov. 30, 2007) at 102:20-105:19). While at MASSH, Plaintiff alleges that a nurse – who was actually an FBI agent – intentionally injected Plaintiff with red liquid, which caused Plaintiff to feel sick. (Labcorp's Statement, ¶ 1; Pl. Dep. Tr. (Nov. 30, 2007) at 106:1-108:9). After leaving MASSH, another FBI agent directed Plaintiff to go across the street for an HIV test. (Labcorp's Statement, ¶ 1; Compl., ¶ 2). Such circumstances led Plaintiff to conclude that the red liquid which had been injected into him at the MASSH on December 6, 2004 was actually HIV-infected blood. (Compl., ¶¶ 11-12).

Believing that he had, in fact, been infected with HIV at the December 6th appointment, Plaintiff threatened to sue MASSH, and proceeded to undergo numerous HIV tests to confirm his suspicions. (Compl., ¶¶ 13-14; 23-24; 28). Plaintiff alleges that shortly after he threatened to sue MASSH, Defendants Labcorp and Center began falsifying Plaintiff's subsequent HIV tests – all of which came back negative. (Compl., ¶¶ 15-17; Labcorp's Statement, ¶¶ 2-6; 9-10). Thus, the gravamen of Plaintiff's Complaint is that although the HIV tests administered by Defendants, respectively, have come back negative, he is, in fact, HIV positive as a result of the December 6, 2004 injection at MASSH. Accordingly, it is alleged that Defendants' test results were actually falsified by Defendants in an attempt to shield MASSH from liability arising out of the December 6, 2004 injection.

In light of the foregoing, Plaintiff filed suit against both Defendants in April 2006,[3] alleging claims of (1) falsification of his HIV test results in violation of N.J.S.A. 2C:21-4.1 (Compl., ¶ 37), and (2) negligent infliction of emotional distress (Compl., ¶ 40).[4] The parties

---

[2] Given the basis on which the Court grants Defendants' motions for summary judgment, and the sensitive nature of the facts at issue, the Court has included only a summary of those facts which are most relevant for the Court's instant analysis. Although the Court does not assume as true for purposes of Defendants' motions for summary judgment any allegations set forth by Plaintiff in his Complaint, the Court acknowledges that it will refer to certain allegations contained therein merely for contextual purposes. See generally Ridgewood Bd. of Educ. v. N.E. ex rel. M.E. 172 F.3d 238, 252 (3d Cir. 1999).

[3] Plaintiff's Complaint was originally filed in the Eastern District of New York. By way of Order dated April 11, 2006, the matter was transferred to this Court. This Court's jurisdiction is premised on 28 U.S.C. § 1332.

[4] It is unclear whether Plaintiff wishes to assert a medical malpractice claim against either Defendant. Compare Compl., ¶ 38 (alleging that Defendants committed "unlawful medical practices") with CM/ECF Docket Entry No. 16 at 5 (indicating that "this is not a malpractice

have since engaged in a period of discovery. Defendants now move for summary judgment as to each of Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 56.

---

lawsuit," and therefore "the issue of affidavit of merit should not arise."). New Jersey requires that a plaintiff pursuing a damages action against a licensed professional file an affidavit of an appropriate licensed person stating that there "exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. § 2A:53A-27. The purpose of this statute is to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious. See, e.g., Cornblatt v. Barow, 708 A.2d 401, 412 (N.J. 1998). This affidavit must be filed within 60 days following the date that the defendant filed his answer. See N.J.S.A. § 2A:53A-27. The statute provides that the Court may grant one extension of time to file the affidavit upon a showing of good cause; however, this extension is not to exceed 60 days. See id. Generally speaking, courts give plaintiffs this extension, and thus, a plaintiff has 120 days from the date that the defendant's answer is filed to submit an affidavit of merit. See Burns v. Belafsky, 741 A.2d 649, 653-54 (N.J. Super Ct. App. Div. 1999); see also Knorr v. Smeal, 836 A.2d 794, 798 (N.J. 2003) ("a plaintiff must file an affidavit of merit within 120 days of the filing of the answer or face dismissal of the complaint with prejudice, absent some equitable justification"). Well over 120 days has passed since the date on which Defendants filed their respective Answers to Plaintiff's Complaint. See, e.g., In re Petition Hall, 688 A.2d 81, 87 (N.J. 1997) ("[t]he time for filing the affidavit is calculated . . . from the date of each defendant's answer"). Furthermore, there is no indication on the Court's docket that Plaintiff requested an extension of time in which to file an Affidavit of Merit, nor has Plaintiff alleged – much less demonstrated – any equitable justification for his failure to file same in a timely fashion. Accordingly, to the extent that Plaintiff has attempted to set forth any claims sounding in medical malpractice, summary judgment is hereby granted as to said claims.

To the extent that Plaintiff has attempted to set forth any additional causes of action as against the Defendants – beyond those expressly addressed herein – any such claims fail to comply with Federal Rule of Civil 8(a)(2) in that Plaintiff's Complaint contains no short and plain statement of such claims showing that Plaintiff is entitled to relief. This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Given that the Court is unable to decipher any such claims, it is clear that Plaintiff's Complaint fails to provide Defendants with adequate notice as to same. Moreover, Plaintiff has not bolstered any such claims by making more specific allegations in documents attached to the complaint, or in response to Defendants' motions for summary judgment. Accordingly, any such claims – to the extent they should be construed as such by the Court – are hereby dismissed without prejudice for failure to comply with Rule 8(a)(2). See generally Erickson v. Pardus, 127 S.Ct. 2197 (2007).

## II.     Summary Judgment Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). With this framework in mind, the Court turns now to Defendants' arguments.

## III.    Analysis[5]

### A.      Falsification of Medical Records

Plaintiff claims that under N.J.S.A. 2C:21-4.1, Defendants are guilty of falsifying his medical records. (Compl., ¶ 27). Under the New Jersey Code of Criminal Justice, a "person is guilty of a crime of the fourth degree if he purposefully destroys, alters or falsifies any record relating to the care of a medical or surgical . . . patient in order to deceive or mislead any person as to information, including, but not limited to, a diagnosis, test, medication, treatment or medical or psychological history, concerning the patient." N.J.S.A. 2C:21-4. Defendants argue that Plaintiff's claim in this regard fails inasmuch as Plaintiff has failed to provide any evidence – in the form of expert testimony or otherwise – to establish (a) that he is, in fact, HIV positive, or (b) that Plaintiff's medical records were altered and/or falsified by Defendants.

As a preliminary matter, it is unclear whether a private right of action is authorized by the particular penal statute on which Plaintiff relies in support of his falsification of medical records

---

[5] Since this Court presently exercises its diversity jurisdiction over the Complaint, the law to be applied is that of the forum state – New Jersey. Am. Cyanamid Co. v. Fermenta Animal Health, 54 F.3d 177, 180 (3d Cir. 1995). Furthermore, the parties do not dispute that New Jersey law applies. Accordingly, the Court will apply New Jersey law to Plaintiff's claims.

claim. See generally Ivans v. Plaza Nissan Ford, 2007 WL 1284936, at *9 (N.J. Super. Ct. App. Div. May 3, 2007) ("Although forgery is most assuredly is a crime, see N.J.S.A. 2C:21-1, plaintiff does not identify a private right of action authorized by that penal statute. Most logically, the factual basis underlying plaintiff's forgery claim would fall under his common-law claims of fraud."); Aly v. Garcia, 333 N.J.Super. 195, 203 (N.J. Super. Ct. App. Div. 2000).  Even assuming, arguendo, that such a private right of action exists, or that relief would be appropriate under a different statutory basis, Plaintiff's claim would nevertheless fail inasmuch as the Court agrees that Plaintiff's proofs are clearly lacking as to the allegations of (a) being HIV positive, and (b) the alteration and/or falsification of his medical records.  Without any such proof, no genuine issue of material fact exists as to this claim.  Defendants' motions for summary judgment are, therefore, granted.

**B.      Negligent Infliction of Emotional Distress**

Plaintiff also asserts a claim for negligent infliction of emotional distress against both Defendants.  (Compl., ¶ 40.)  It is clear, though, that Plaintiff is misguided as the facts alleged in his Complaint are wholly unrelated to the nature and purpose behind this cause of action.   In order to bring an independent cause of action for negligent infliction of emotional distress, Plaintiff must demonstrate that (1) Defendants' negligence caused the death of, or serious physical injury to, another; (2) Plaintiff shared a "marital or intimate, familial relationship with the injured person;" (3) Plaintiff had a "sensory and contemporaneous observation of the death or injury at the scene of the accident;" and (4) that Plaintiff suffered severe emotional distress.  Jablonowska v. Suther, 195 N.J. 91, 103-104 (N.J. 2008) (citing Portee v. Jaffee, 84 N.J. 88, 101 (1980)).

Plaintiff has not alleged – much less demonstrated – any facts in support of this claim, nor has Plaintiff offered any evidence which would otherwise bolster his claim for negligent infliction of emotional distress.  This matter has now been pending for over two years.  Bald allegations and conclusory statements will simply not suffice to defeat a properly pled motion for summary judgment.  See, e.g., Ridgewood Bd. of Educ., 172 F.3d at 252 (noting that conclusory statements and arguments do not raise triable issues which preclude summary judgment).  Defendants' motions for summary judgment as to Plaintiff's negligent infliction of emotional distress claim are, therefore, granted.

**IV.     Conclusion**

Based on the reasons set forth above, Defendants' motions for summary judgment are GRANTED. Plaintiff's Complaint is dismissed in its entirety.  An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
United States District Judge